IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW AARON ESCALANTE,**

      Petitioner,

      v.                                                             CASE NO. 23-3195-JWL

**PAUL WILLIAM BURMASTER,**
et al.,

      Respondents.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is not currently in custody. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause, in writing, why this matter should not be dismissed because Petitioner is not in custody, and under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4.

The United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted). This issue of whether *Younger* abstention is applicable may be raised by the court *sua sponte*. *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (noting that "abstention may be raised by the court *sua sponte*"); *Morrow v. Winslow*, 94 F.3d 1386, 1390-91 &

1

n.3 (10th Cir. 1996) (raising and applying *Younger* abstention doctrine *sua sponte*, and holding that parties need not raise the *Younger* abstention doctrine to preserve its applicability); *S.F.M. by & through Baker v. Gilmore*, No. 17-2574, 2018 WL 1536504, at *3 (D. Kan. Mar. 29, 2018) ("[A] court may raise the application of *Younger* sua sponte.").

Petitioner attacks his state court Protection from Stalking ("PFS") order, claiming the order is void and that he was detained due to an alleged violation of the order. (Doc. 1, at 2, 6–7.) Petitioner takes issue with the certification that the order is in compliance with the Violence Against Women Act, 18 U.S.C. § 2265. *Id*. Petitioner alleges that the PFS Case No. 22CV3391 was initiated by the adverse party in his divorce proceedings in Case No. 18CV3813. *Id*. It appears that the PFS order was renewed and Petitioner's request to dismiss was rejected and the matter was set for a hearing. *Id*. Petitioner claims that inadmissible evidence was used at the August 10, 2023 hearing to extend the PFS order. *Id*. Petitioner names Judge Burmaster and Robert Sullivan, Director of Corrections, as respondents.

The Tenth Circuit has affirmed cases applying *Younger* to child custody cases. *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished) (holding the district court properly concluded that *Younger* abstention would apply to the plaintiff's claims for constitutional violations in connection with state-court divorce and child-custody proceedings, to the extent that the state-court proceedings were ongoing).

Petitioner's state court child custody proceedings are ongoing and he is not currently in custody. Petitioner does not seek to remedy any "severe restraints [to his] individual liberty."

*Brooks v. Hanson*, 763 F. App'x 750, 752 (10th Cir. 2019) (unpublished) (finding that the district court correctly concluded that Brooks was not in custody regarding his restitution claim and the court lacked jurisdiction over his case).

In *Stricker-Campos v. Laramie Cty. Dist. Ct.*, Stricker-Campos filed two § 2241 petitions after losing custody of her child. *Stricker-Campos v. Laramie Cty. Dist. Ct.*, 546 F. App'x 805 (10th Cir. 2013) (unpublished). The district court dismissed the first petition without prejudice, finding that Stricker-Campos was not in custody, had not exhausted her state court remedies, and that it should abstain from interfering with ongoing child-custody proceedings under *Younger*. *Id*. at 806. When Stricker-Campos filed a second § 2241 petition alleging constitutional violations arising from her state child-custody proceedings, she was in custody for a new criminal charge of "interference with custody" involving her child custody case. *Id*. The district court denied the second petition, concluding that abstention was warranted and petitioner failed to exhaust her state court remedies. *Id*. The Tenth Circuit denied a certificate of appealability, finding that:

> As the district court noted, even if we construe Stricker–Campos's claims as properly raised under 28 U.S.C. § 2241, federal courts should generally abstain from interfering with ongoing state proceedings out of "respect [for] state functions and the independent operation of state legal systems." *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir.1997). In practice, *Younger* abstention is warranted when three conditions are met: (1) there are ongoing state proceedings; (2) the state proceedings offer an adequate forum to hear the plaintiff's federal claims; and (3) the state proceedings implicate important state interests. *Taylor v. Jaquez,* 126 F.3d 1294, 1297 (10th Cir.1997).
>
> Presently, there are ongoing state-custody proceedings and a criminal proceeding for Stricker-Campos's interference-with-custody charge that afford an adequate forum for Stricker–Campos's constitutional challenges. *See* Aplt. Br., at 2, 4. Additionally, we have long recognized that "the whole subject of the domestic relations of husband and wife, parent and child,

3

> belongs to the laws of the States and not to the laws of the United States." *Chapman v. Oklahoma,* 472 F.3d 747, 749–50 (10th Cir.2006) (alteration and quotation omitted) (holding that challenge to state proceeding was barred by *Younger*); *see also Morrow v. Winslow,* 94 F.3d 1386, 1397 (10th Cir.1996) ("The state, although not a party, obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interests of the child and the family relationship."). Reasonable jurists could not debate that the three requirements of *Younger* are met here.

*Stricker-Campos*, 546 F. App'x at 807.

Petitioner's claims relate to his state court divorce/custody proceedings and a PFS order that was entered in relation to those proceedings. An online Kansas District Court Records Search shows that Case No. 18CV3813 is currently ongoing. *See Escalante v. Escalante*, Case No. 18CV3813 (District Court of Johnson County, Kansas). The action is a dissolution/divorce action. *Id*. A hearing was held on August 14, 2023, with the docket notes providing that Petitioner, who was represented by counsel, was found in contempt for not exercising ordered supervised parenting time. *Id*. Petitioner was sentenced to 30 days, "suspended if he exercises 3 supervised visits within the next 60 days." *Id*. A review hearing was scheduled for October 18, 2023. *Id*.

Petitioner has been advised in prior actions in this Court that *Younger* abstention prevents this Court from interfering in ongoing state proceedings. *See Escalante v. Burmaster*, Case No. 23-2130-TC-TJJ, Doc. 31 (D. Kan. June 14, 2023); *Escalante v. Burmaster*, Case No. 23-3193-JWL, Doc. 4 (D. Kan. Aug. 16, 2023). The Court in Case No. 23-2130 directed Petitioner to show good cause why his claims against Judge Burmaster should not be dismissed as barred by judicial immunity and under *Younger* abstention. *Escalante v. Burmaster*, Case No. 23-2130-TC-TJJ, at Doc. 31. The Magistrate Judge issued a Report and Recommendation that Petitioner's claims be dismissed for the reasons set forth in the Show Cause Order. *Id*. The

4

Court adopted the Report and Recommendation and dismissed the action, finding that:

> Escalante's objection, even liberally construed, identifies no error within the R&R. It focuses on Escalante's view of the merits of his case and the inequity of his situation in the state-court case(s), but it does not identify any mistakes of fact or errors of law in the R&R. *See* Doc. 30. The R&R noted that "[a] state judge is absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" Doc. 29 at 4 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). It found that Burmaster is a Kansas judge who presides over Escalante's civil custody matter and that Burmaster's action in that case, including restricting Escalante's communications with the court, was "within the scope of his judicial duties." *Id.* at 5–7. In short, Burmaster was acting in his judicial capacity, and Escalante had not demonstrated any evidence to the contrary. *Id.* at 5–7, 12–13. The R&R ultimately recommended that "all of [Escalante's] claims against [Burmaster] be dismissed as barred by judicial immunity." *Id.* at 7. Escalante did not respond to this immunity issue. *See* Doc. 30.
>
> Nor has Escalante demonstrated that the R&R's invocation of *Younger* abstention is incorrect. Judge James found that the District of Kansas must abstain from deciding this case, even if jurisdiction were proper, because there is an ongoing state proceeding (the most recent order was entered less than three months ago) that implicates important state interests—child custody proceedings involve important state interests and state courts must be able to control their function through orders limiting a person's contact with the court. Doc. 29 at 8–11 (citing, among other cases, *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018)). Further, Escalante had not demonstrated that he could not raise constitutional challenges in state court. *Id.* at 8, 11.
>
> Escalante did not respond to these points. Instead, he argues that *Younger* abstention is inapplicable due to extraordinary circumstances. Doc. 30 at 1–3; *see generally Courthouse News Serv. v. N.M. Admin. Off. Of Cts.*, 53 F.4th 1245, 1256 (10th Cir. 2022)) (recognizing *Younger* requires abstention absent extraordinary circumstances). The extraordinary circumstances exception is narrowly construed and a plaintiff faces a "heavy burden" to demonstrate it exists. *Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of Utah*, 240 F.3d 871, 877 (10th Cir. 2001) (citation omitted). Escalante has not demonstrated that extraordinary circumstances are present. In fact, "child custody proceedings are an especially delicate subject of state policy," *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996), that

> justifiably warrant avoiding federal intrusion.
>
> Escalante's attempt at identifying an exceptional circumstance fails. Rather than explaining how Burmaster's actions present extraordinary circumstances, Escalante detailed a 2018 criminal case that was "procured out of Fraud" and in which he was "forced to take a plea bargain." Doc. 30 at 2. Even construing this as a sufficiently specific objection, none of those facts demonstrate that he faces extraordinary circumstances that create a threat of great and immediate irreparable harm. *Winn v. Cook*, 945 F.3d 1253, 1259 (10th Cir. 2019) (citation omitted).

*Id*. at 2–3.

In this prior case, the Court advised Petitioner about *Younger* abstention and judicial immunity, and ultimately dismissed the case based on those doctrines. Likewise, the instant Petition does not allege the type of extraordinary circumstances warranting intervention in the state proceedings. The three conditions in *Younger* appear to be satisfied with respect to Petitioner's current state court proceedings. The case is ongoing; the State of Kansas has an important interest in child custody proceedings; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings. Therefore, abstention is appropriate.

It also appears that Petitioner has not exhausted his state remedies. He complains about a hearing that occurred on August 10, 2023, and it would therefore appear that he has not had time to exhaust his state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.") (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (requiring state prisoner bringing federal habeas corpus action to show that he exhausted available state remedies)); *see also Knox v. Sharp*, 818 F. Appx. 817, 818 (10th Cir. 2020) (unpublished)

("Although 'no statutory exhaustion requirement applies to petitions filed pursuant to § 2241, it is well-settled that claims raised in § 2241 petitions must be exhausted before a federal court will hear them.'") (quoting *Burger v. Scott*, 317 F.3d 1133, 1144 n.8 (10th Cir. 2003)).

Petitioner is directed to show good cause, in writing to the undersigned, why this matter should not be summarily dismissed because Petitioner is not in custody, and based on *Younger* abstention. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **September 13, 2023,** in which to show good cause, in writing to the undersigned, why the Petition should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated August 16, 2023, in Kansas City, Kansas.**

S/   John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE