IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW AARON ESCALANTE,

    Petitioner,

    v.                                                                             CASE NO. 23-3195-JWL

PAUL WILLIAM BURMASTER,
et al.,

    Respondents.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is not currently in custody. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and entered a Memorandum and Order to Show Cause (Doc. 2) ("MOSC") ordering Petitioner to show good cause, in writing, why this matter should not be dismissed because Petitioner is not in custody, and under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The Tenth Circuit has affirmed cases applying *Younger* to child custody cases. *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished) (holding the district court properly concluded that *Younger* abstention would apply to the plaintiff's claims for constitutional violations in connection with state-court divorce and child-custody proceedings, to the extent that the state-court proceedings were ongoing).

The Court found that Petitioner's claims relate to his state court divorce/custody

1

proceedings and a PFS order that was entered in relation to those proceedings. An online Kansas District Court Records Search shows that Case No. 18CV3813 is currently ongoing. *See Escalante v. Escalante*, Case No. 18CV3813 (District Court of Johnson County, Kansas). The action is a dissolution/divorce action. *Id*. A hearing was held on August 14, 2023, with the docket notes providing that Petitioner, who was represented by counsel, was found in contempt for not exercising ordered supervised parenting time. *Id*. Petitioner was sentenced to 30 days, "suspended if he exercises 3 supervised visits within the next 60 days." *Id*. A review hearing was scheduled for October 18, 2023. *Id*.

The Court found in the MOSC that Petitioner's state court child custody proceedings are ongoing and he is not currently in custody. Petitioner does not seek to remedy any "severe restraints [to his] individual liberty." *Brooks v. Hanson*, 763 F. App'x 750, 752 (10th Cir. 2019) (unpublished) (finding that the district court correctly concluded that Brooks was not in custody regarding his restitution claim and the court lacked jurisdiction over his case). The Court also found that it appears that Petitioner has not exhausted his state remedies.

The Court ordered Petitioner to show good cause why this matter should not be summarily dismissed because Petitioner is not in custody, and based on *Younger* abstention. (Doc. 2, at 7.) The MOSC provides that "[t]he failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner." *Id*. Petitioner has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated September 18, 2023, in Kansas City, Kansas.**

                                         **S/   John W. Lungstrum**
                                         **JOHN W. LUNGSTRUM**
                                         **UNITED STATES DISTRICT JUDGE**